602

(890 P.2d 1228)
No. 71,128

CHRISTINE BRADLEY, *Appellant*, v. BOARD OF COUNTY COMMISSIONERS OF BUTLER COUNTY, *Appellee*. CHRISTINE BRADLEY, *Appellant*, v. CITY OF ANDOVER, *Appellee*.

—

Opinion filed March 3, 1995.

*Jack Peggs*, of Wichita, for appellant.

*Steven J. Rupp* and *Alan L. Rupe*, of Rupe & Girard Law Offices, P.A., of Wichita, for appellees.

Before ELLIOTT, P.J., ROYSE, J., and JOHN J. BUKATY, JR., District Judge, assigned.

BUKATY, J.: Christine Bradley appeals the district court's order granting summary judgment in favor of the Board of County Commissioners of Butler County (Butler County) and the City of Andover (Andover).

On April 26, 1991, a tornado struck Andover. Bradley subsequently filed suit in Sedgwick County against Butler County and Andover seeking damages for serious injuries she suffered when that tornado struck her home. She claimed that Butler County and Andover officials were negligent in failing to adequately warn her of the approaching storm.

Both Butler County and Andover filed motions challenging venue and requesting summary judgment. The trial court entered summary judgment for both defendants on grounds that the action arose out of emergency preparedness activities for which Butler County and Andover were immune pursuant to the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.* specifically K.S.A. 75-6104(j). The trial court also construed the motion to dismiss on grounds of improper venue as a motion to transfer and ordered the case transferred to Butler County.

We affirm the trial court's order granting the motions for summary judgment and first find as a matter of law that the emergency preparedness exception to the Kansas Tort Claims Act contained in K.S.A. 75-6104(j) protects both defendants from liability to plaintiff under the facts present in this case. That statute reads:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable in damages resulting from:

. . . .

(j) any claim based upon emergency preparedness activities, except that governmental entities shall be liable for claims to the extent provided in article 9 of chapter 48 of the Kansas Statutes Annotated."

"Summary judgment is proper where the only question or questions presented are questions of law." *Fletcher v. Nelson*, 253 Kan. 389, 391, 855 P.2d 940 (1993). It is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may be reasonably drawn from the evidence in favor of the nonmovant. On appeal, this court applies the same rule, and where reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994). Here, there are no material facts in dispute, and the summary judgment motion presents a pure question of law.

Bradley first argues that this statute cannot cloak Butler County with immunity because Butler County did not have in place an approved emergency plan as required by the Kansas Emergency Preparedness Act, K.S.A. 48-904 *et seq.* (Ensley). She specifically refers to K.S.A. 48-929 (Ensley) which in relevant part reads:

"(d) In accordance with the standards and requirements for disaster emergency plans promulgated by the division of emergency preparedness, each county, city and interjurisdictional disaster agency shall prepare and keep current a disaster emergency plan for the area under its jurisdiction, which has been approved after examination and periodic review by the division of emergency preparedness."

At the time of the tornado, Butler County did not have an emergency preparedness plan that had been approved by the state division of emergency preparedness. In fact, it was the only Kansas county that did not. It had previously submitted one for approval, but the State sent it back for revision.

Butler County argues that the lack of this plan is of no moment here and that the immunity contained in K.S.A. 75-6104(j) does not depend upon the existence of such a plan. We agree. Nowhere in all of the statutes of this state is there any mention that having

an approved emergency plan on file is a prerequisite to immunity for emergency preparedness activities. Nor has Bradley cited us to any case law to support her position.

K.S.A. 75-6104(j) does state that governmental entities are liable for emergency preparedness activities when such is provided for under article 9 of chapter 48 of the Kansas Statutes Annotated. There are provisions in that chapter providing for governmental liability to persons eligible for workers compensation or pensions, etc. See K.S.A. 48-915(a) (Ensley). Also, state employees, agents, and representatives may be liable to individual members of the public under K.S.A. 48-915(b) (Ensley) for willful misconduct, gross negligence, or bad faith in connection with emergency preparedness activities. But again, nowhere is there mention of liability for such activities if a governmental entity fails to have on file an approved emergency plan. If the legislature had intended to condition immunity on the existence of such a plan, it could have easily done so. It is not for this court to do so on its own.

The question then becomes, do the undisputed facts here upon which plaintiff predicates her claim of failure to warn constitute "emergency preparedness activities" under K.S.A. 75-6104(j). We believe they do.

The only statutory definition for the term "emergency preparedness" is found in K.S.A. 48-904 (Ensley). In relevant part, it reads: "(a) 'Emergency preparedness' means the preparation for and the carrying out of all emergency functions, other than functions for which military forces or other federal agencies are primarily responsible, to prevent, minimize and repair injury and damage resulting from disasters." We believe the definition has relevance here.

Although 75-6104(j) and 48-904 do not specifically refer to each other and are located in different chapters, they should be considered *in pari materia.* They relate to the same subject matter and class of things. Accordingly, we look to the definition in 48-904(a) to discern what the legislature meant by the term "emergency preparedness activities" in 75-6104(j). See *Martindale v. Tenny,* 250 Kan. 621, 829 P.2d 561 (1992). Clearly, it "means the preparation for and the carrying out of all emergency func-

tions . . . to prevent, minimize and repair injury and damage resulting from disasters."

Defendants' conduct upon which Bradley predicates her claim for damages falls within the confines of this definition. On April 26, 1991, the National Weather Service issued a tornado warning for Andover. The Andover police chief heard the warning while monitoring the situation. He then ordered the warning siren sounded. It did not function. Upon realizing this, the chief ordered police vehicles to drive through city streets sounding their sirens. One of the vehicles went to the vicinity of the Golden Spur Mobile Home Park where Bradley lived. The police vehicle actually passed within a distance of two mobile homes of Bradley's location a total of four times with its siren on. A short time later, the tornado destroyed the park and Bradley incurred her severe injuries. All of these actions constitute emergency preparedness activities on the part of governmental employees.

We know of no reason to distinguish between Butler County and Andover. We hold that both entities and their employees are exempt from liability for their actions or inactions in this case since Bradley's claims arise out of emergency preparedness activities. We further find that article 9 of chapter 48 of the Kansas Statutes Annotated does not otherwise provide for liability for the actions or inactions that occurred here.

Even if 75-6104(j) does not provide immunity to defendants, Bradley's claims would also fail on grounds that she has not established the existence of any duty on the part of defendants to warn her of the approaching storm.

In *Griffin v. Rogers*, 232 Kan. 168, 175, 653 P.2d 463 (1982), our Supreme Court affirmed the entry of summary judgment in favor of a county sheriff and others on claims brought against them for failure to warn of severe weather. The court stated in part:

"Generally speaking, the sheriff's duty to preserve the peace and protect the public welfare is owed to the public at large and not to particular individuals. This concept of immunity for nonfeasance of public officers was discussed at some length in *Commercial Union Ins. Co. v. City of Wichita*, 217 Kan. 44, 54, 536 P.2d 54 (1975), wherein the court stated:

'Our own rule is that "executive officers are not liable for errors in the performance of duties involving discretion and judgment, in the absence of malice, oppression in office or wilful misconduct." '

"Plaintiffs do not allege any elements of malice, oppression in office or wilful misconduct on the part of the sheriff or his deputies. Nor is there any evidence of an express agreement on the part of the Sheriff to warn the operators of the Whippoorwill of severe weather. The dissemination of weather information by a government agency or officer is generally held to be a discretionary function. Annot., 99 A.L.R.2d 1016, 1046, § 21; *National Mfg. Co. v. United States*, 210 F.2d 263 (8th Cir. 1954).

"It is only where an officer breaches a specific duty owed to an individual that liability arises. *Hendrix v. City of Topeka*, 231 Kan. 113, 643 P.2d 129 (1982)." 232 Kan. at 175.

Here, Bradley has failed to establish the existence of any factors that might distinguish the facts in *Griffin* from those here. While one or both defendants may have had a statutory duty to have an approved disaster emergency plan, that duty is only to the public at large and not to Bradley individually. This statutory public duty falls short of imposing a duty upon either defendant to warn Bradley of approaching severe weather.

In light of our ruling on the merits of Bradley's claims, we see no reason to address her contention that the trial court erred in transferring venue to Butler County.

Affirmed.