(894 P.2d 209)
No. 71,770

JUDITH E. SWARTZ, *Appellant,* v. JAMES M. SWARTZ and PAMELA M. VAN BEEK, *Appellees.*

Opinion filed March 24, 1995.

*William G. Cownie,* of Lee's Summit, Missouri, for appellant.

*Martin M. Montemore, Janet I. Blauvelt,* and *Jacqueline Lorie Mixon,* of Dysart Taylor Penner Lay & Lewandowski, P.C., of Kansas City, Missouri, for appellee James M. Swartz.

*Thomas R. Hill* and *Christopher T. Wilson,* of Hill & Beam-Ward, of Overland Park, for appellee Pamela M. Van Beek.

Before RULON, P.J., BRAZIL and ROYSE, JJ.

ROYSE, J.: Judith E. Swartz brought this action against her mother, Pamela M. Van Beek, and her adoptive father, James M. Swartz, seeking damages for injuries arising out of childhood sexual abuse committed by James Swartz. The district court granted the defendants' motions to dismiss, concluding that Judith Swartz' claims were barred by the eight-year statute of repose found in K.S.A. 60-515(a). Judith Swartz appeals.

Judith Swartz filed her petition on November 9, 1993. She alleged that she was born on November 18, 1968. She alleged that between November 8, 1979, and September 27, 1982, James Swartz raped her on several occasions. She alleges that Van Beek failed to properly supervise her and left her in the care of James Swartz. The petition recites that on February 28, 1983, James Swartz was convicted of several felony sex crimes and sentenced to 15 years in prison.

In Counts I and II of her petition, Judith Swartz asserted negligence claims against the defendants related to the incidents of sexual abuse. Count III asserts a claim against James Swartz for negligent infliction of emotional distress. Count IV asserts a claim against both defendants for civil conspiracy to commit sexual abuse.

The district court construed K.S.A. 60-515(a) as barring Judith Swartz' claims. Interpretation of a statute is a question of law. *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992). This court's review of questions of law is unlimited. *Memorial Hospital Ass'n, Inc. v. Knutson,* 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 60-515 tolls the statutes of limitations for persons under legal disability. K.S.A. 60-515(a) provides:

"Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person 's natural life, such person shall be entitled to bring such action within one year after the person's disability is

removed, except that no such action shall be commenced by or on behalf of any person under the disability more than *eight years after the time of the act giving rise to the cause of action.*" (Emphasis added.)

The district court determined in this case that the last acts of the defendants giving rise to Judith Swartz' cause of action occurred no later than September 27, 1982. Thus, under the except clause of 60-515(a), no action could be commenced after September 27, 1990. We agree.

The district court's interpretation of 60-515(a) is consistent with our Supreme Court's interpretation of K.S.A. 60-513(b). That subsection provides that for negligence actions, "in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." That subsection "make[s] 10 years the absolute limit for filing actions." *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 659, 831 P.2d 958 (1992); see *Dobson v. Larkin Homes, Inc.*, 251 Kan. 50, 52, 832 P.2d 345 (1992).

"The plain language of K.S.A. 1991 Supp. 60-513 and the applicable case law require that after July 1, 1989, a negligence action must be brought within 10 years of the original wrongful act or the action is barred." *Admire Bank & Trust v. City of Emporia*, 250 Kan. 688, Syl. ¶ 7, 829 P.2d 578 (1992). See also *Ruthrauff, Administratrix v. Kensinger*, 214 Kan. 185, 191, 519 P.2d 661 (1974) (suggesting language which is now found in K.S.A. 60-513).

A recognized rule for determining legislative intent is that ordinarily identical words or terms used in different statutes on a specific subject are interpreted to have the same meaning in the absence of anything to indicate that a different meaning was intended. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 640, 694 P.2d 462 (1985). In light of that rule, we conclude that K.S.A. 60-515(a) requires that a person under disability bring a cause of action within eight years of the wrongful act or the action is barred. Both statutes reference the "time of the act giving rise to the cause of action."

Judith Swartz argues that the eight-year period in 60-515(a) only begins when the fact of injury is reasonably ascertainable,

citing *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 820 P.2d 390 (1991). She contends that she had until November 2000 to bring a cause of action because she did not realize until November 1992 that her emotional problems were due to childhood sexual abuse.

Swartz ignores the fact that *Gilger* interpreted a version of K.S.A. 60-513(b) which is no longer in effect. See *Harding*, 250 Kan. at 659 ("In *Gilger* we again looked at K.S.A. 60-513 prior to the 1987 amendment."). Even more important, Swartz ignores the holding in *Gilger* that "K.S.A. 60-515(a) triggers the eight-year statute of limitations for minors on the date of the negligent act." 249 Kan. at 319. In short, *Gilger* provides no basis for changing the triggering event of K.S.A. 60-515(a). The statute clearly states that the injurious act triggers the eight-year statute of repose.

Judith Swartz also argues that K.S.A. 60-523 extended the period in which she could file suit. K.S.A. 60-523 provides in relevant part:

"(a) No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.

. . . .

"(d) This section shall be applicable to:

(1) Any action commenced on or after July 1, 1992, including any action which would be barred by application of the period of limitation applicable prior to July 1, 1992."

Judith Swartz asserts that because 60-523 was enacted before her cause of action had expired, the defendants had no vested right in the eight-year limitations period contained in K.S.A. 60-515(a).

The defendants argue and the district court concluded that K.S.A. 60-523 could not alter the effect of K.S.A. 60-515(a), because 60-515(a) is a statute of repose, not a statute of limitations. We agree.

Our Supreme Court thoroughly discussed the differences between statutes of limitations and statutes of repose in *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

"A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may not yet have accrued. It is substantive. Thus, Kansas constitutional protection applies only to statutes of repose because they pertain to substantive rights." 250 Kan. at 668.

The distinction between statutes of limitations and statutes of repose is significant. As the Supreme Court explained in *Harding*:

"The legislature has the power to revive actions barred by a statute of limitations if it specifically expresses its intent to do so through retroactive application of a new law. The legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process." 250 Kan. at 669.

*Harding* examined K.S.A. 1991 Supp. 60-513(b) and determined that it is a statute of repose because it "bars the cause of action after the 10-year period even though the action may not have yet accrued." 250 Kan. at 669; see *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994); *Dobson*, 251 Kan. at 52. The same can be said of K.S.A. 60-515(a): it abolishes the cause of action after the eight-year period even though the action may not have yet accrued. We agree with the district court that 60-515(a) is a statute of repose. That determination leads to the conclusion that K.S.A. 60-523(d) does not and cannot revive a cause of action barred by K.S.A. 60-515(a).

The district court did not err in holding that Judith Swartz' claims were barred by the operation of 60-515(a).

Judith Swartz also argues on appeal that the district court correctly declined to grant the motions to dismiss on the grounds of parental immunity. The problem with this argument is that the district court did not rule on the parental immunity issue; it relied solely on its analysis of the statute of repose. The journal entry of judgment entered by the district court does not mention parental immunity. It is not our function to expound on issues not decided by the district court, particularly when those issues have

no bearing on the disposition of the case. See *City of Hutchinson v. Wagoner*, 163 Kan. 735, 741, 186 P.2d 243 (1947).

Affirmed.