UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 6/17/96**

GRAHAM PARKER MORGAN, aka
Brenda Sue Blunt,

      Plaintiff-Appellant,

v.

SAMUEL DWIGHT DONLEY,

      Defendant-Appellee.

No. 95-3258
(D.C. No. 94-CV-2478)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff-appellant Graham Parker Morgan appeals the district court's denial of her motion to certify certain questions to the Kansas Supreme Court and its entry of judgment in favor of defendant on the pleadings. Although we agree that section 60-515(a) of the Kansas Statutes does not operate to bar plaintiff's claims, we affirm the district court's judgment on the ground that plaintiff's claims are barred by the statute of repose found in section 60-513(b) of the Kansas Statutes.

In 1994, plaintiff filed a lawsuit against her former stepfather, seeking damages for psychological injuries caused by defendant's alleged sexual and physical abuse of plaintiff from 1967 to 1975. In her complaint, plaintiff alleged that her emotional injuries first manifested themselves after she attained majority in 1978, and that she only learned of the connection between her emotional and cognitive dysfunction and defendant's abuse in November 1992. She alleged that her suit was timely based on section 60-523 of the Kansas Statutes, which states:

> (a) No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.
> . . . .
> (d) This section shall be applicable to:
> (1) Any action commenced on or after July 1, 1992, including any action which would be barred by application of the period of limitation applicable prior to July 1, 1992.

Kan. Stat. Ann. § 60-523. Defendant's answer raised the affirmative defense that plaintiff's claims were barred by the applicable statute of repose.

In March 1995, the Kansas Court of Appeals issued its opinion in <u>Swartz v. Swartz</u>, 894 P.2d 209 (Kan. Ct. App. 1995), holding, on similar facts, that a lawsuit brought by a childhood sexual abuse victim was barred by the statute of repose found in section 60-515(a) of the Kansas Statutes, regardless of the time limits contained in section 60-523. Section 60-515(a) tolls the statute of limitations for persons whose causes of action arise while they are under a disability, but bars any such action more than eight years after the act giving rise to the cause of action. Recognizing that the decision in <u>Swartz</u> might preclude her lawsuit, plaintiff requested the district court to certify to the Kansas Supreme Court the question whether section 60-515(a) applied to her case, and if so, whether it was constitutional. Plaintiff requested a hearing and an extended briefing schedule on this issue.

Defendant filed a motion for judgment on the pleadings, arguing that plaintiff's claims were time-barred, either by the statute of repose found in section 60-513(b) or by section 60-515(a) of the Kansas Statutes. The district court denied plaintiff's motion to certify and request for a hearing. The court then granted defendant's motion for judgment on the pleadings, based on section 60-515(a) and the <u>Swartz</u> decision. This appeal followed.

We review the district court's decision whether to certify a question to the state supreme court for an abuse of discretion. <u>Allstate Ins. Co. v. Brown</u>, 920 F.2d 664, 667 (10th Cir. 1990). We review de novo its grant of judgment to defendant on the pleadings. <u>See</u> <u>McHenry v. Utah Valley Hosp.</u>, 927 F.2d 1125, 1126 (10th Cir.), <u>cert. denied</u>, 502 U.S. 894 (1991).

Plaintiff argues that the district court erred in denying her motion to certify. The district court denied the motion on the ground that the Kansas Court of Appeals' opinion in Swartz was controlling precedent which made certification inappropriate. An opinion by the Kansas Court of Appeals is considered controlling under the Kansas certification statute, which limits certification to cases where "it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state." Kan. Stat. Ann. § 60-3201. Therefore, the district court did not abuse its discretion in refusing to certify plaintiff's issues. In addition, because, as will be discussed, section 60-515(a) does not apply to plaintiff's case, there could be no error in failing to certify questions regarding its interpretation and constitutionality.

Plaintiff argues that the eight-year limitation in section 60-515(a) does not apply to her case because her injuries did not manifest themselves until after she reached the age of majority. We agree. Section 60-515(a) tolls the statute of limitations for persons under a disability, as follows:

> Except as provided in K.S.A. 60-523, if any person entitled to bring an action, . . . at the time the cause of action accrued or at any time during the period the statute of limitation is running, is less than 18 years of age, an incapacitated person, or imprisoned . . . such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

The statute, with its eight-year statute of repose, applies only to those persons whose causes of action accrue while they are under a disability, or who become incapacitated or imprisoned

at some point while the statute of limitations is running. See Gilger v. Lee Constr., Inc., 820 P.2d 390, 398 (Kan. 1991)(Noting "K.S.A. 60-515(a) authorizes a plaintiff, who is a minor at the time a cause of action accrues, to bring an action within one year after reaching majority").

Here, plaintiff alleged that her emotional injuries did not manifest themselves until after she reached majority, and that she did not learn that they were caused by defendant's conduct until 1992. Under Kansas law, a cause of action does not accrue until "the act giving rise to the cause of action first causes substantial injury, or . . . the fact of injury becomes reasonably ascertainable to the injured party." Kan. Stat. Ann. 60-513(b). Because plaintiff's cause of action did not accrue until, at the earliest, her emotional injuries became apparent, which occurred after she turned 18, section 60-515(a) has no application to this case. See Gilger, 820 P.2d at 397, 399-401 (discussing when a cause of action accrues, based on the date the injury becomes reasonably ascertainable, and indicating need for notice of connection with defendant's act). The Swartz decision does not require a contrary result, as it is unclear in that case when the plaintiff's emotional injuries first became ascertainable.

Although plaintiff's claims are not barred by the eight-year statute of repose found in section 60-515(a), the district court's judgment must be upheld based on the ten-year statute of repose found in section 60-513(b) of the Kansas Statutes. Section 60-513 limits the time for bringing personal injury tort claims, providing both a two-year statute of limitation and an overall ten-year statute of repose. Harding v. K.C. Wall Prods., Inc., 831 P.2d 958, 968

5

(Kan. 1992). The ten-year statute of repose, which runs from defendant's act giving rise to the cause of action, bars the action "even though [it] may not have yet accrued." Id. Because defendant's last act giving rise to this cause of action occurred in 1975, plaintiff's claims became time-barred in 1985, and the district court did not err in dismissing her lawsuit.

Section 60-523 of the Kansas Statutes, enacted in 1992, did not operate to resurrect plaintiff's cause of action. Because a statute of repose gives a defendant a substantive right to be free from liability, the legislature may not revive a cause of action after it has been barred by a statute of repose. Harding, 831 P.2d at 967-68. The enactment of section 60-523, therefore, could not revive plaintiff's cause of action in this case.

Plaintiff also argues that the district court erred in granting judgment on the pleadings without permitting oral argument or briefing on the issues, and that this conduct violated "10th Cir. R. 133." Appellant's Br. at 12. This argument is without merit in that no such rule exists, plaintiff never requested a hearing on the motion for judgment, and plaintiff was given the opportunity to fully brief all the issues. See Appendix at 12-18, 49-57.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

6