No. 75,044

JEFFREY W. SHIRLEY AND JASON K. SHIRLEY, *Appellants,* v.
ROBERT J. REIF, *et al., Appellees.*

(920 P.2d 405)

Opinion filed
July 12, 1996.

*Lee Thompson,* of Triplett, Woolf & Garretson, L.L.P., of Wichita, argued the
cause, and *Rachael K. Pirner,* of the same firm, was with him on the briefs for
appellants.

*Larry G. Michel,* of Kennedy, Berkley, Yarnevich & Williamson, Chartered, of Salina, argued the cause, and *Thomas J. Kennedy,* of the same firm, was with him on the brief for appellees Bishop George K. Fitzsimons, *et al.*

No appearance by appellee Reif.

The opinion of the court was delivered by

ABBOTT, J.: The plaintiffs, Jeffrey W. and Jason K. Shirley, brought this action to recover damages for sexual abuse allegedly perpetrated on them while they were minors by Robert J. Reif, who was a Roman Catholic priest at the time. Also named as a defendant is the Bishop of the Roman Catholic Diocese of Salina. The suit against the Bishop is based on a claim of vicarious liability for Reif's improper conduct and a claim that the Bishop negligently retained and supervised Reif as an employee/priest with knowledge of Reif's sexual proclivities. This action was filed on February 17, 1995.

Relying on *Swartz v. Swartz,* 20 Kan. App. 2d 704, 894 P.2d 209 (1995), the trial court granted summary judgment to the defendants, finding that plaintiffs' claims were barred by K.S.A. 60-515(a) and could not be revived by K.S.A. 60-523. The plaintiffs appealed this ruling to the Court of Appeals, and the case was transferred to this court.

Jeffrey and Jason Shirley are brothers who are 26 and 24 years old, respectively. Jeffrey was born November 15, 1969, and Jason was born March 25, 1972.

Robert J. Reif is a former Roman Catholic priest who was a spiritual advisor to the Shirley family from the early 1970s to 1986. The Shirley brothers allege that from 1975 to 1986, Reif subjected them to sexual abuse and molestation. Based on this conduct, the Shirley brothers brought five causes of action against Reif: childhood sexual abuse, assault, battery, intentional infliction of emotional distress, and invasion of privacy.

George K. Fitzsimons is the Bishop of the Roman Catholic Diocese of Salina and is named in the suit as a representative party for the defendant class comprised of certain employees, members, agencies, instrumentalities, and related corporations of the Roman Catholic Diocese of Salina, an unincorporated religious association.

In their petition, the plaintiffs allege that the Bishop supervised and had the right to control the assignments of priests. The plaintiffs contend that the Bishop and Diocese of Salina were aware of Reif's sexual proclivities and failed to adequately supervise Reif or warn the Shirley family of Reif's proclivities. Thus, the Shirley brothers brought a claim against the Bishop, as a representative party of the Diocese of Salina, based on vicarious liability for all of Reif's alleged improper conduct and based on the Bishop's own acts of alleged negligent retention and supervision of an employee/priest.

This case centers on three statutes—K.S.A. 60-513, 60-515 and 60-523.

K.S.A. 60-513 provides in pertinent part:

"(a) The following actions shall be brought within two years:

. . . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

. . . .

"(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

K.S.A. 60-515 provides in pertinent part:

"(a) *Effect.* Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, *except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.*" (Emphasis added.)

K.S.A. 60-523 provides:

"(a) No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or

reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.

"(b) As used in this section:

(1) 'Injury or illness' includes psychological injury or illness, whether or not accompanied by physical injury or illness.

(2) 'Childhood sexual abuse' includes any act committed against the person which act occurred when the person was under the age of 18 years and which act would have been a violation of any of the following:

(A) Indecent liberties with a child as defined in K.S.A. 21-3503 and amendments thereto; (B) aggravated indecent liberties with a child as defined in K.S.A. 21-3504 and amendments thereto; (C) aggravated criminal sodomy as defined in K.S.A. 21-3506 and amendments thereto; (D) enticement of a child as defined in K.S.A. 21-3509 and amendments thereto; (E) indecent solicitation of a child as defined in K.S.A. 21-3510 and amendments thereto; (F) aggravated indecent solicitation of a child as defined in K.S.A. 21-3511 and amendments thereto; (G) sexual exploitation of a child as defined in K.S.A. 21-3516 and amendments thereto; or (H) aggravated incest as defined in K.S.A. 21-3603 and amendments thereto; or any prior laws of this state of similar effect at the time the act was committed.

"(c) Discovery that the injury or illness was caused by childhood sexual abuse shall not be deemed to have occurred solely by virtue of the person's awareness, knowledge or memory of the acts of abuse. The person need not establish which act in a series of continuing sexual abuse incidents caused the injury or illness complained of, but may compute the date of discovery from the date of discovery of the last act by the same perpetrator which is a part of a common scheme or plan of sexual abuse.

"(d) This section shall be applicable to:

(1) Any action commenced on or after July 1, 1992, *including any action which would be barred by application of the period of limitation applicable prior to July 1, 1992.*" (Emphasis added.)

In order to understand the issue in this case, an understanding of the distinction between statutes of limitations and statutes of repose is necessary.

"A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued. It is substantive." *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 668, 831 P.2d 958 (1992).

The plaintiffs allege that the Diocese became aware of Reif's alleged sexual proclivities in 1980. Both parties agree that the last act of alleged sexual abuse would have occurred in 1986. In late 1987, the plaintiffs' parents contacted the Bishop and informed him of their allegations that Reif had sexually abused their sons. On April 9, 1988, the plaintiffs' father made a settlement offer to the Diocese. On May 4, 1988, the plaintiffs' parents entered into a nonbinding monetary settlement with the Diocese. The plaintiffs began receiving treatment and therapy at approximately this time. The plaintiffs claim that they, as opposed to their parents, did not reasonably ascertain their injuries or the cause of their injuries until late 1993 for Jeffrey and 1994 for Jason. Thus, the plaintiffs contend that their causes of action did not accrue until 1993 and 1994. As such, the plaintiffs assert that they timely filed their claims for childhood sexual abuse, assault, battery, outrage, invasion of privacy, and negligent retention and supervision on February 17, 1995.

Typically, under current statutory law, a childhood sexual abuse claim is based on K.S.A. 60-523, which allows a plaintiff to recover damages suffered as a result of childhood sexual abuse if the action is commenced within 3 years after the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse. K.S.A. 60-523 does not have a statute of repose, and the statute provides an extremely broad definition of discovery. Thus, the plaintiffs contend that they discovered their injuries were caused by childhood sexual abuse in late 1993 (for Jeffrey) and 1994 (for Jason). If this statute applies, then the plaintiffs timely filed their actions within 3 years of "discovery."

On the other hand, the Bishop contends that all of the alleged conduct which is the subject of these actions occurred while the plaintiffs were subject to the legal disability of minority. As the Bishop points out, the last possible act giving rise to these causes of action occurred in 1986 while the plaintiffs were still minors. The Bishop also asserts that the plaintiffs should have reasonably ascertained their injuries while they were minors. Thus, the Bishop contends that all of the plaintiffs' causes of action accrued while the plaintiffs were still minors. As such, the Bishop asserts that

K.S.A. 60-515 governs all of the plaintiffs' causes of action. K.S.A. 60-515(a) tolls a time bar for causes of actions which accrue while a plaintiff is a minor until 1 year after the plaintiff's disability of minority is removed and the plaintiff turns 18. The statute also provides an 8-year limitation period from the date of a defendant's act in which a plaintiff must file suit.

If K.S.A. 60-515(a) applied to the plaintiffs' claims, its 8-year time limitation would have begun to run on the date of the defendant's act. Since the last act giving rise to any cause of action occurred in 1986, the 8-year time limitation under K.S.A. 60-515(a) would have begun to run at this time. The 8-year time limitation under K.S.A. 60-515(a) would have expired in 1994. Further, if 60-515(a) applies to the plaintiffs' claims, its 1-year time limitation would have begun to run when the plaintiffs turned 18. This time limitation would have expired in 1988 for Jeffrey and in 1991 for Jason. Despite the expiration of the 8-year and 1-year time limitations under 60-515(a), the plaintiffs did not file their claims until 1995. Based on this late filing date, the Bishop filed a motion for summary judgment contending that plaintiffs' claims were "barred by the statute of limitations and the [C]onstitutions of the State of Kansas and the United States." At the summary judgment hearing, the plaintiffs argued that 60-515(a) did not apply to them because their claims did not accrue until they were no longer minors. The plaintiffs also argued that if 60-515(a) applied to and barred their claims, then their dead claims had been revived by K.S.A. 60-523. The Bishop argued that the plaintiffs' claims were already barred by K.S.A. 60-515(a) before 60-523 was enacted in 1992. Thus, the Bishop contended that the plaintiffs' claims could not be revived by K.S.A. 60-523 without violating the constitution. Defendant Reif also filed a motion for summary judgment, raising the same arguments.

The trial court granted the defendants' motions for summary judgment.

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

"Summary judgment is proper where the only question or questions presented are questions of law. [Citation omitted.] *Fletcher v. Nelson*, 20 Kan. App. 2d 602, 890 P.2d 1228 (1993); *Bradley v. Board of Butler County Comm'rs*, 20 Kan. App. 2d 602, 890 P.2d 1228 (1995)."

The plaintiffs concede that their parents may have reasonably ascertained the plaintiffs' injuries in late 1987, while the plaintiffs were both minors. The plaintiffs point out, though, that 60-515(a) only applies to a plaintiff's claim if the plaintiff *himself* reasonably ascertains the injury and the action accrues while the plaintiff is a minor. The plaintiffs argue that they, as opposed to their parents, did not reasonably ascertain their injuries or the cause of their injuries while they were minors. According to the plaintiffs, they did not reasonably ascertain their injuries or the cause of their injuries until late 1993 for Jeffrey, when he was 24, and 1994 for Jason, when he was 21 years old. Thus, the plaintiffs contend that their causes of action did not accrue until after they were no longer minors. As such, the plaintiffs contend that 60-515(a) does not apply to their claims. Instead, the plaintiffs assert that 60-513, with its 10-year statute of repose and 2-year statute of limitations, applies to their claims. Under this statute, the plaintiffs' claims would be timely filed.

The plaintiffs point out that the issues of whether an injury is reasonably ascertainable and when a cause of action has accrued are fact questions for the jury to determine. *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 820 P.2d 390 (1991). The plaintiffs assert that this material question of fact, the date their injuries were reasonably ascertainable, is in dispute. As such, the plaintiffs argue that this fact should have been resolved in their favor. See *Mitzner v. State Dept. of SRS*, 257 Kan. at 260-61. ("The trial court is required to resolve all facts and inferences which may be reasonably drawn from the evidence in favor of the party against whom [a summary judgment] ruling is sought.") The trial court did not resolve this fact in favor of the plaintiffs. Instead, the trial court found the

causes of action accrued while they were minors and applied 60-515(a) to the plaintiffs' claims. Based on the trial court's improper assumption of fact, the plaintiffs contend that summary judgment was improperly granted against them.

Plaintiffs further contend that even if the trial court properly found as a matter of law that their injuries were reasonably ascertainable and that their actions accrued while they were minors, the trial court still improperly granted summary judgment because it misapplied and misinterpreted *Swartz*, 20 Kan. App. 2d 704.

In *Swartz*, the plaintiff, an adult daughter, sued her mother and adoptive father for damages arising out of childhood sexual abuse perpetrated by the plaintiff's adoptive father. The plaintiff was born on November 18, 1968. According to the plaintiff, her adoptive father sexually abused her between November 8, 1979, and September 27, 1982, when she was between 11 and 14 years of age. The plaintiff also alleged that her mother failed to properly supervise her during this time period. The plaintiff filed her petition on November 9, 1993, when she was 24. The petition alleged that the defendants were liable for negligence regarding the sexual abuse, for negligent infliction of emotional distress, and for civil conspiracy to commit sexual abuse. 20 Kan. App. 2d at 705.

The trial court found and the Court of Appeals agreed that the plaintiff reasonably ascertained her injuries and the cause of her injuries while she was under 18. Thus, the plaintiff's causes of action accrued while the plaintiff was a minor. As such, K.S.A. 60-515(a) applied to all of the plaintiff's claims. K.S.A. 60-515(a) tolled the statute of limitations while the plaintiff was a minor, but required the plaintiff to file her claims within 1 year after reaching the age of 18. The plaintiff turned 18 in 1986. Thus, the plaintiff's causes of action were barred in 1987 by the 1-year time limitation in K.S.A. 60-515(a). K.S.A. 60-515(a) also bars all claims which are commenced 8 years after the time of the act giving rise to the cause of action. According to the trial court, the last act of the defendants giving rise to the plaintiff's cause of action occurred in 1982. Thus, the plaintiff's causes of action were barred in 1990 under the 8-year time limitation in K.S.A. 60-515(a). 20 Kan. App. 2d at 705-06.

The plaintiff in *Swartz* did not file her action until 1993. According to the plaintiff, her causes of action, which were barred under 60-515(a), became revived in 1992 when K.S.A. 60-523 was enacted. The plaintiff asserted that K.S.A. 60-523 gave her 3 years from the revival of her claims in 1992 to file her suit. Thus, the plaintiff contended that she timely filed her case in 1993. In response, the defendant in *Swartz* alleged that K.S.A. 60-523 improperly attempted to revive the plaintiff's causes of action which were barred by 60-515(a).

Quoting this court, the Court of Appeals stated in *Swartz*:

" 'The legislature has the power to revive actions barred by a statute of limitations if it specifically expresses its intent to do so through retroactive application of a new law. The legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.' " 20 Kan. App. 2d at 708 (quoting *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 [1992]).

Based on this rule, the *Swartz* court attempted to determine whether 60-515(a) is a statute of limitations which may be validly revived or a statute of repose which may not be properly revived. In analyzing this issue, the Court of Appeals found that K.S.A. 60-515(a) "abolishes the cause of action after the eight-year period even though the action may not have yet accrued." 20 Kan. App. 2d at 708. Thus, the Court of Appeals found that K.S.A. 60-515(a) is a statute of repose. As such, the *Swartz* court found that K.S.A. 60-515(a), a substantive statute of repose, barred the plaintiff's claim prior to the effective date of K.S.A. 60-523. Hence, K.S.A. 60-523 could not properly revive the plaintiff's dead claims without disturbing the defendant's vested rights in the time bar defense, thereby taking the defendant's property without prior notice and violating the defendant's due process rights.

In the present action, the trial court found that the plaintiffs' causes of action accrued while the plaintiffs were minors. Thus, the trial court ruled that 60-515(a) applied to all of the plaintiffs' causes of action. Under 60-515(a), the plaintiffs in this case had until 1 year after their 18th birthdays to file their claims. Thus, Jeffrey's claims were barred in 1988 by the 1-year time limitation in 60-515(a), and Jason's claims were barred in 1991 by the 1-year

time limitation in 60-515(a). K.S.A. 60-515(a) also required that the plaintiffs' causes of action be filed within 8 years of the act giving rise to the cause of action. According to both parties, the last act of alleged sexual abuse giving rise to the cause of action occurred in 1986. Thus, both plaintiffs' claims were barred in 1994 by the 8-year limitation period in K.S.A. 60-515(a). Relying on *Swartz*, the trial court found the plaintiffs' claims were barred prior to the 1992 enactment of 60-523 by 60-515(a), a substantive statute of repose. Thus, the trial court found that the plaintiff's barred claims could not be validly revived by 60-523.

We hold the trial court read *Swartz* too broadly. When the *Swartz* court used the "statute of repose" language, it was merely referring to the 8-year limitation period in 60-515(a). The *Swartz* court was not referring to the 1-year limitation period found in 60-515(a), which requires minors to file all claims which accrue during minority within 1 year after turning 18, when it ruled that 60-515(a) was a statute of repose. The 1-year time period in K.S.A. 60-515(a) is a statute of limitations, while the 8-year time period in K.S.A. 60-515(a) is a statute of repose.

This conclusion is consistent with the definitions provided for statutes of limitations and statutes of repose in *Swartz* and *Harding*. For instance, the requirement in 60-515(a) that a minor must file a claim which accrued during minority within 1 year after turning 18 "extinguishes the right to prosecute an accrued cause of action after a period of time." *Harding*, 250 Kan. 655, Syl. ¶ 5. This limitation cuts off a remedy. Thus, the 1-year time limitation is a procedural statute of limitations. On the other hand, the 8-year time limitation found in 60-515(a), which bars a suit commenced 8 years after the act giving rise to the cause of action, "runs from an act of [the] defendant" and "abolishes the cause of action after the passage of time [8 years] even though a cause of action may not yet have accrued." *Harding*, 250 Kan. 655, Syl. ¶ 6. Thus, the 8-year requirement in 60-515(a) is a substantive statute of repose.

Our conclusion that the 1-year time period in 60-515(a) is a statute of limitations and the 8-year time period in 60-515(a) is a statute of repose is not only supported by the definitions in *Harding* but is also supported by the holding of *Harding*. *Harding*

found that the 2-year time limitation in 60-513(a), which is analogous to the 1-year limit in 60-515(a), is a statute of limitation. *Harding* also held that the 10-year time limit in 60-513(b), which is analogous to the 8-year time limit found in is 60-515(a), is a statute of repose. 250 Kan. at 669. There is only one real difference between the time limitations in this case and the time limitations in *Harding*. In *Harding*, the 2-year statute of limitations is provided in one subsection of the statute, 60-513(a), while the 10-year statute of repose is provided in a different subsection of the statute, 60-513(b), whereas in this case, the 1-year time limitation and the 8-year time limitation are provided in the same subsection of the statute, 60- 515(a). This technical difference between 60-515 and 60-513 is not enough to justify interpreting the statutes differently. This court is not precluded from recognizing the 1-year time limitation as a statute of limitations and the 8-year time limitation as a statute of repose simply because the two time limitations occur in the same subsection of 60-515.

Next, *Swartz* needs to be clarified as to when a claim must be barred by a statute of repose so as to preclude its later revival by 60-523. The issue is not whether the plaintiffs' actions were barred by a statute of repose in 1995 when they filed the suit, but if the plaintiffs' actions were barred by a statute of repose in 1992 when 60-523 was enacted. The revival of any dead claim would occur upon the enactment of K.S.A. 60-523 in 1992, not upon the filing of a 60-523 suit in 1995. If a claim is barred by a statute of repose in 1992, then a defendant has substantive rights in this defense. This defense cannot be removed and the claim cannot be revived by 60-523 in 1992 without taking the defendant's property and without violating the defendant's due process rights. On the other hand, if the claim is alive in 1992 or merely barred by a procedural statute of limitations in 1992, then a defendant does not have any vested, substantive rights in the time bar defense. As such, K.S.A. 60-523 can retroactively apply upon its enactment and revive the claim in 1992, even though the claim is barred by a statute of limitations, without violating due process.

Further, the statute of repose that may have applied to a claim in 1992, which was running but not yet expired, could be removed

altogether by a revival statute without violating due process. This is because in 1992, the defendant would not have any vested right in the nonexpired statute of repose under 60-515(a). Thus, if a plaintiff's claim is merely barred by a statute of limitations in 1992, then the claim can be properly revived in 1992. Once the dead claim under 60-515(a) is revived by 60-523, the plaintiff has a brand new statute under which to bring the suit—K.S.A. 60-523. K.S.A. 60-523 allows a defendant to file a sexual abuse claim within 3 years after the plaintiff reasonably discovers (defined broadly) his or her injury was caused by childhood sexual abuse. If the plaintiff files the revived claim within the time allowed by 60-523, then the claim is timely filed.

The next question concerns the status of the plaintiffs' claims in 1992: Were the claims barred by a statute of limitations or a statute of repose or both in 1992? Jeffrey turned 18 on November 15, 1987, and Jason turned 18 on March 25, 1990. In late 1987 (apparently when both plaintiffs were minors), the plaintiffs' parents contacted the Bishop and informed him of their allegations that Reif had sexually abused their sons. On April 9, 1988 (when Jeffrey was 18 and Jason was under 18), the plaintiffs' father made a settlement offer to the Bishop. On May 4, 1988 (when Jeffrey was 18 and Jason was under 18), the plaintiffs' parents entered into a nonbinding monetary settlement with the Diocese. The plaintiffs started therapy at this time. The trial court held that the cause of action accrued while the plaintiffs were minors and that 60-515(a) applied to all of the plaintiffs' claims. Under the 60-515(a) statute of limitations, the plaintiffs were required to file their claims within 1 year after turning 18. Thus, Jeffrey's statute of limitations under 60-515(a) expired on November 15, 1988, and Jason's statute of limitations under 60-515(a) expired on March 25, 1991.

The Bishop apparently became aware of Reif's sexual proclivities in 1980, but did not fire Reif. According to the Bishop, this act in 1980 is the last act for which it can be sued. The plaintiffs disagree. The plaintiffs contend that they are suing the Bishop for negligent supervision and retention of Reif. Thus, according to the plaintiffs, each time Reif sexually abused the boys, the Bishop was also committing an act of negligence by failing to properly super-

vise Reif and prevent the acts of abuse when the Bishop was aware of Reif's sexual proclivities. Moreover, the plaintiffs are also suing the Bishop based on vicarious liability for Reif's act. The conduct giving rise to this liability is Reif's sexual abuse of the boys as an employee of the Diocese. Both parties agree that Reif's last act of alleged sexual abuse occurred in 1986. As such, the plaintiffs argue that the Bishop's last act of alleged negligence would have also occurred in 1986. Thus, for purposes of this review, we assume that the Bishop's last act of negligence, if any, occurred in 1986, and the statute of repose began to run on this date. Under the 8-year statute of repose in 60-515(a), the plaintiffs' causes of action against the Bishop would have expired in 1994.

Based on these facts, what was the status of the plaintiffs' claims in 1992 under K.S.A. 60-515(a)? In 1992, both the claims were barred by the procedural 1-year statute of limitations in 60-515(a). Importantly though, the plaintiffs' actions against the Bishop were not barred in 1992 by the substantive statute of repose in K.S.A. 60-515(a). In 1992, when K.S.A. 60-523 was enacted, the plaintiffs had 2 years left before the statute of repose under 60-515(a) was to expire.

When 60-523 was enacted in 1992, it properly revived the plaintiffs' claims. This is because the plaintiffs' claims were only barred by a procedural statute of limitations which may be amended at any time by the legislature. See *Harding*, 250 Kan. at 669. The actions were not barred by a substantive statute of repose in 1992. Thus, the defendants did not have a vested right in a time bar defense in 1992. As such, the statute of repose applicable to the plaintiffs' claims under 60-515(a) could be removed in 1992 without violating the defendants' due process rights. From the point of revival in 1992, the plaintiffs could bring their once-dead claim under the new statute, 60-523, as long as they filed their claims within the time allowed by 60-523.

K.S.A. 60-523 gave the plaintiffs 3 years to file their actions from the date the plaintiffs reasonably discovered that their injuries were caused by childhood sexual abuse. K.S.A. 60-523 defines "discovery" broadly to mean not just awareness of the abuse, but an understanding that the sexual abuse caused the plaintiffs' injuries.

According to the plaintiffs' expert, the plaintiffs did not "discover" their injuries were actually caused by childhood sexual abuse until 1993 and 1994, even though the plaintiffs or their parents were aware of their injuries and of the sexual abuse in 1987 and 1988. Thus, a question of fact needs to be determined. If a jury determines that the plaintiffs did not discover their injuries were caused by childhood sexual abuse until 1993 and 1994, then the plaintiffs filed their action within 3 years of this discovery by filing their claim in 1995. Thus, the plaintiffs timely filed their actions and the trial court improperly granted summary judgment.

The plaintiffs also argue that K.S.A. 60-515(a) is unconstitutional. According to the plaintiffs, 60-515(a) violates due process and equal protection because it has a shorter statute of repose for a plaintiff whose claim accrues while the plaintiff is a minor than a plaintiff whose claim accrues when the plaintiff is an adult. This issue is not addressed because it is unnecessary due to our reversal of the trial court's grant of summary judgment.

The Bishop further contends that even if we hold that the reasons given by the trial court for granting summary judgment were invalid, this court can still affirm the summary judgment because it could be properly based on other reasons not relied on by the trial court. The Bishop argues that there are two other proper reasons which justify the grant of a summary judgment in his favor. First, the Bishop asserts that K.S.A. 60-523 does not apply to a claim against an employer for negligent supervision or retention of an employee. Second, the Bishop contends that the plaintiffs' claims are barred by the provisions of the Kansas and United States Constitutions which guarantee freedom of religion. These issues were not addressed by the trial court and were not appealed by the Bishop; thus, they will not be addressed here.

Reversed and remanded.