FILED
United States Court of Appeals
Tenth Circuit

**June 4, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES PATRICK COSGROVE,

Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES; DONNA WHITEMAN; MICHAEL VANLANDINGHAM; LOIS MITCHELL; SYDNEY KRAFT; ALBERTA BRUMLEY; and DELMAR BRUMLEY,

Defendants - Appellees.

No. 08-3101

(D. Kansas)

(D.C. No. 2:07-CV-02125-SAC-GLR)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **MURPHY**, Circuit Judges.

---

## I. INTRODUCTION

Charles Patrick Cosgrove filed suit pursuant to 42 U.S.C. § 1983 in the

United States District Court for the District of Kansas against, *inter alia*, his

former foster parents Alberta and Delmar Brumley and the Kansas Department of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Social and Rehabilitation Services. Cosgrove alleged the Brumleys physically, emotionally, and sexually abused him while he resided in their foster home and the Kansas Department of Social and Rehabilitation Services knew of the abuse and failed to take appropriate action. The district court granted defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, concluding the complaint was time-barred under Kansas law. On appeal, Cosgrove argues the claims survive under Kan. Stat. Ann. § 60-523, which provides the statute of limitations for claims of childhood sexual abuse. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **reverse** the decision of the district court and **remand** for proceedings consistent with this opinion.

## II. BACKGROUND

In 1984, at age five, Cosgrove was placed in the foster home of Alberta and Delmar Brumley. Cosgrove alleges that during his time at the Brumley foster home he was "subjected to cruel, heinous, and severely debilitating physical, emotional, and mental abuse." Specifically, Cosgrove contends that on a daily basis he was "struck, beat [sic], forced into labor, sexually abused, and malnourished by the [Brumleys], and [] also forced to endure extreme emotional and mental trauma." Cosgrove remained in the Brumley foster home until 1992. He was removed from the home after the Brumleys' four-year-old adopted son died from extreme physical abuse allegedly administered by the Brumleys' adult daughter.

-2-

On November 1, 2004, while serving a prison sentence, Cosgrove filed a pro se § 1983 complaint in the United States District Court for the District of Kansas against the Kansas Department of Social and Rehabilitation Services and various state officials and employees (collectively the "State Defendants") and the Brumleys. The complaint alleged the Brumleys physically and mentally abused Cosgrove from 1984-1992, and the State Defendants knew of this abuse and failed to do anything about it. The district court dismissed the case as barred by the general statute of limitations for § 1983 actions, Kan. Stat. Ann. § 60-513. The court explained that § 60-523, which defines the statute of limitations for claims of childhood sexual abuse, was inapplicable because Cosgrove had alleged only general physical abuse. This court reversed the district court's decision, concluding dismissal was improper because the physical abuse alleged in Cosgrove's complaint could have included sexual abuse and it was therefore possible § 60-523 was the applicable statute of limitations. *Cosgrove v. Kan. Dep't of Social & Rehab. Servs.*, 162 Fed. App'x 823, 827-28 (10th Cir. 2006) (unpublished decision). On remand, the district court granted Cosgrove leave to file an amended complaint. Cosgrove never filed an amended complaint, and his claims were dismissed. Cosgrove did not appeal.

On November 5, 2004, four days after filing his complaint in the United States District Court for the District of Kansas, Cosgrove brought an almost identical pro se lawsuit in the District Court of Johnson County, Kansas. The

-3-

court dismissed the case, concluding all of Cosgrove's claims were barred by the statute of limitations set out in § 60-513. Cosgrove appealed, but the appeal was dismissed because it was not properly docketed.

On March 21, 2007, Cosgrove filed the instant case pro se in the United States District Court for the District of Kansas. The complaint contained allegations similar to those set forth in the previous two lawsuits, except it specifically alleged Cosgrove was subjected to sexual abuse while residing in the Brumley foster home. Defendants moved pursuant to Rule 12(b)(6) to dismiss the complaint as time-barred. Cosgrove contended his complaint fell within the statute of limitations for childhood sexual abuse claims under § 60-523 because he did not discover until an August 2004 conversation that the sexual abuse he suffered as a child was the cause of certain mental illnesses or injuries. The district court rejected this argument and granted the motion to dismiss. The district court did not reach the issue of whether the lawsuit was barred by res judicata. Cosgrove appeals.

## III. DISCUSSION

We review de novo a district court's grant of a motion to dismiss. *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008). Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d

1036, 1041 n.4 (10th Cir. 1980). Kan. Stat. Ann. § 60-523 provides in relevant

part:

> (a) No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.

> (b) As used in this section:

>  (1) "Injury or illness" includes psychological injury or illness, whether or not accompanied by physical injury or illness.

> . . . .

> (c) Discovery that the injury or illness was caused by childhood sexual abuse shall not be deemed to have occurred solely by virtue of the person's awareness, knowledge or memory of the acts of abuse . . . .

In his complaint, Cosgrove alleged that as a child he was sexually abused

by the Brumleys during the time he resided in their foster home from 1984-1992.

In response to the motion to dismiss on statute of limitations grounds, Cosgrove

contended he did not discover until an August 2004 discussion with another

inmate that "the sexual abuse[] he suffered from the Brumleys was the reason" for

his mental illness or injury. Thus, according to Cosgrove, the applicable statute

of limitations is § 60-523, and the lawsuit survives because it was filed less than

three years after he discovered or reasonably should have discovered the

childhood sexual abuse caused his injury or illness. In rejecting Cosgrove's argument, the district court stated:

> Plaintiff primarily contends this action alleging sexual abuse is filed within the three year provided under K.S.A. [§] 60-523(a) because he did not discover until an August 2004 conversation with another federal inmate that the alleged sexual abuse of him by the Brumleys caused him harm . . . .
>
> The court finds this is wholly insufficient to establish any plausible factual basis for finding a cause of action on plaintiff's allegations did not accrue until August 2004. And as defendants point out, plaintiff's allegations that SRS defendants ignored complaints of harm and abuse he made while in the Brumleys' home clearly undermine his contention that he was not aware of injuries sustained from this alleged sexual abuse until 2004.

In reaching this conclusion, the district court misconstrued § 60-523. This is highlighted by the district court's statement that "plaintiff's allegations that SRS defendants ignored complaints of harm and abuse he made while in the Brumleys' home clearly undermine his contention that he was not aware of injuries sustained from this alleged sexual abuse until 2004." Even assuming Cosgrove's complaint of sexual abuse meant he was aware as a child that this abuse injured him in some manner, an assertion that is far from clear, this is not determinative of the issue at hand. Section 60-523(a) provides that an individual may bring suit "three years from the date the person discovers or reasonably should have discovered that *the* injury or illness was caused by childhood sexual abuse" (emphasis added). In addition, § 60-523(c) provides: "[d]iscovery that the injury or illness was caused by childhood sexual abuse shall not be deemed to

have occurred solely by virtue of the person's awareness, knowledge or memory of the acts of abuse." Thus, the relevant date for purposes of the § 60-523 analysis is when Cosgrove discovered or reasonably should have discovered *the particular injury* for which he is seeking relief was caused by the sexual abuse, not the date when he learned of or reported the sexual abuse. The district court therefore erred in automatically equating these two dates and failing to conduct a separate inquiry as to when Cosgrove discovered the mental injury for which he seeks relief was caused by the alleged sexual abuse.

Applying the correct standard for determining the viability of a claim under § 60-523, it is clear the district court further erred in concluding Cosgrove's contentions were "wholly insufficient to establish any plausible factual basis for finding a cause of action on [his] allegations did not accrue until August 2004." Some of Cosgrove's injuries or illnesses resulting from the childhood sexual abuse, particularly the mental illness or injury he cited in his complaint, may have appeared later in life. *See* Kan .Stat. Ann. § 60-523(b)(1) ("'Injury or illness' includes psychological injury or illness, whether or not accompanied by physical injury or illness."). Or, even if the mental injuries manifested themselves earlier in life, Cosgrove, who is not a trained psychiatrist, reasonably may not have realized it was the sexual abuse he suffered as a child that caused these injuries. It is therefore entirely possible Cosgrove reasonably did not discover until August

2004 that the mental injury or illness was caused by sexual abuse, a scenario clearly encompassed by § 60-523. *Shirley v. Reif*, 920 P.2d 405, 414 (Kan. 1996).

As an alternative basis for affirming the district court decision, defendants argue the case was properly dismissed because the dates provided in the complaint make clear Cosgrove's claims are time-barred. *Aldrich*, 627 F.2d at 1041 n.4 (stating motion to dismiss may be granted where "the dates given in the complaint make clear that the right sued upon has been extinguished"). As discussed above, § 60-523 allows a litigant to bring suit up to three years after he discovers the injury for which he seeks relief was caused by childhood sexual abuse. Because the complaint does not contain the date upon which Cosgrove discovered his mental injuries were caused by the sexual abuse he suffered as a child, this is not a situation where "the dates given in the complaint *make clear* that the right sued upon has been extinguished." *Id.* (emphasis added); *see also Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) (unpublished decision) ("Because *the critical dates appeared plainly on the face* of [plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context." (emphasis added)); *JP Morgan Trust Co. v. Mid-America Pipeline Co.*, 413 F. Supp. 2d 1244, 1265 (D. Kan. 2006) (declining to grant a motion to dismiss where the "face of the complaint" did not reveal the claims were time-barred and noting that "[i]t is not incumbent upon [a

plaintiff] to allege facts to prove . . . its claims [are not] barred by the []

limitations period"). Thus, this is not an alternative basis on which the district

court decision can be affirmed.

In a similar argument, defendants contend an additional basis for affirming

the district court is that the inclusion of the words "sexual abuse" in Cosgrove's

complaint was insufficient to establish the applicability of § 60-523. As

discussed above, the statute of limitations is an affirmative defense, and to

dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the

face of the complaint that the claims are time-barred. *See Aldrich*, 627 F.2d at

1041 n.4; *JP Morgan Trust Co.*, 413 F. Supp. 2d at 1265. Section 60-523

provides a statute of limitations for injuries resulting from "childhood sexual

abuse." Cosgrove's complaint alleges that as a child he was sexually abused by

the Brumleys from 1984-1992. Thus, it is far from clear from the face of his

complaint that § 60-523 does not apply. We therefore cannot affirm the district

court on this alternative ground.

Finally, defendants ask this court to affirm the decision of the district court

on the basis that Cosgrove's claims are barred by res judicata. Because resolution

of this issue likely requires additional fact-finding, it is more properly addressed

by the district court in the first instance and we therefore decline to address the

defense in this appeal.

## IV. CONCLUSION

For the reasons discussed above, we **reverse** the decision of the district court and **remand** for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge