The Honorable Jim D. Garner State Representative, 11th District 601 East 12th, P.O. Box 538 Coffeyville, Kansas 67337
Dear Representative Garner:
You request our opinion concerning K.S.A. 1996 Supp.23-104a(b)(5) which authorizes retired judges to officiate at marriage ceremonies. Specifically, you inquire whether an individual who formerly served as a district court judge, was not reelected, but is collecting benefits from the Kansas Public Employees Retirement System fund is a "retired judge" within the meaning of the statute.
This term "retired judge" is not defined in chapter 23 of the Kansas Statutes Annotated nor does the legislative history illuminate the intent behind authorizing retired judges to officiate at marriage ceremonies. Therefore, we invoke the rule of in pari materia which provides that identical words or terms used in different statutes on the same subject may be interpreted to have the same meaning in the absence of anything in context to indicate that a different meaning was intended. Williams v. Board of Education of City of Wichita, 198 Kan. 115 (1967). See Bradley v. Board of Butler County Commissioners, 20 Kan. App. 2d 602, 605
(1995) (the statutory definition of "emergency preparedness" found at K.S.A. 48-904 was used to determine whether the Kansas Tort Claims Act, K.S.A. 75-6101
et seq. applied to immunize municipalities for claims based upon emergency preparedness activities).
If willing, retired district court judges may be assigned by the Kansas Supreme Court to perform certain judicial duties. K.S.A. 20-2616. Subsection (e) of K.S.A. 20-2616 provides, as follows:
 "As used in the section, a retired justice or judge shall not include those justices or judges who were not retained in office, were not reelected to office, have been impeached from office or removed by the Supreme Court from office." (Emphasis added.)
Moreover, retired district court judges receive a copy of the Kansas Reports provided they are not practicing law and are willing to accept judicial assignments. K.S.A. 20-208. Thus, it would appear that a retired judge does not include a judge who loses a bid for reelection for purposes of accepting judicial assignments and receiving a copy of the Kansas Reports. Furthermore, in 1984 when the Senate Judiciary Committee was considering amending K.S.A. 23-104a to allow certain judges to officiate at marriage ceremonies, it substituted "retired judge" for "former judge." Minutes, Senate Judiciary Committee, March 26, 1984. If "former judge" had been the language adopted, it would have considerably broadened the field of individuals authorized to officiate at marriage ceremonies to include any individual who had formerly served as a district court judge.
We also believe that an individual who formerly served as a district court judge does not become a "retired" judge for purposes of officiating at marriage ceremonies simply because the individual is receiving benefits from the Kansas Public Employees Retirement System fund (KPERS). Our review of K.S.A. 20-2601 et seq. [retirement system for judges] indicates that the Legislature took into account the fact that a judge's service could be terminated involuntarily. K.S.A. 20-2606
allows any judge "whose services are terminated prior to retirement" to request the return of the individual's accumulated contributions.
Moreover, a judge who retires upon reaching a certain age with, in some cases, a specific number of years of service may receive an annuity which amount is determined by the judge's final annual salary which is the average highest annual salary paid for any three years of the last ten years of service "immediately preceding retirement or termination of employment." K.S.A. 20-2608; 20-2610. Taking into consideration the statutory treatment of retired district court judges and the legislative history of K.S.A. 23-104a, it is our opinion that an individual who formerly served as a district court judge and was not reelected is not a "retired judge" for purposes of officiating at marriage ceremonies.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm