No. 66,086

KENNETH L. DOBSON, JR., and ELIZABETH C. DOBSON, *Appellants*, v. LARKIN HOMES, INC., and ARMED FORCES INSURANCE COMPANY, *Appellees*.

(832 P.2d 345)

Opinion filed May 22, 1992.

*David C. Van Parys*, of Murray, Tillotson & Van Parys, Chartered, of Leavenworth, argued the cause and was on the brief for appellants.

*Arthur A. Stirnaman*, of Law Offices of John L. White, of Leavenworth, argued the cause and was on the briefs for appellee Larkin Homes, Inc.

*Michael Crow*, of Crow, Clothier & Bates, of Leavenworth, was on the brief for appellee Armed Forces Insurance Company.

*Ken M. Peterson*, *Tim J. Moore*, and *Mark A. Ohlsen*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, were on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

HERD, J.: This is a damage suit by Kenneth and Elizabeth Dobson against Larkin Homes, Inc., (Larkin) for a defectively built house and against Armed Forces Insurance Company (AFIC) for denying coverage. Both defendants moved for summary judgment, which the district court granted. The Dobsons appealed to the Court of Appeals. In an unpublished opinion filed November 15, 1991, the Court of Appeals affirmed the district court on the issues of jurisdiction and insurance policy language but reversed the trial court on the K.S.A. 1991 Supp. 60-513(b) statute of limitations issue. We granted Larkin's petition for review on the statute of limitations issue only.

The facts are as follows. In August of 1983, the Dobsons bought a house which had been built by Larkin in 1971 or 1972. The Dobsons moved out of the house in late 1987 or early 1988, but continued to own the property. They leased the house to others after they moved out.

The Dobsons entered into a standard named peril insurance contract with AFIC in January of 1988.

In December of 1988, the Dobsons were informed by their tenants that cracks had appeared in some interior walls and the rear door of the house would no longer close properly. The Dobsons filed a loss claim with AFIC, which was denied. The Dobsons then filed this action on February 27, 1990, naming Larkin and AFIC as defendants.

The claim against Larkin was that it used inferior materials in the base for the foundation; that the compaction was less than it ought to have been; and that Larkin's negligence caused the damage to the house.

The claim against AFIC was that it wrongfully refused to pay on the loss claim.

Both Larkin and AFIC filed motions for summary judgment. The basis of Larkin's motion was that the action was barred by the statute of limitations, K.S.A. 1991 Supp. 60-513. AFIC asserted that the Dobsons could not establish a "collapse" within the meaning of the insurance policy and, therefore, there was no insurance coverage. The trial court granted both motions for summary judgment. The Dobsons appealed.

The Court of Appeals, relying upon *Ruthrauff, Administratrix v. Kensinger*, 214 Kan. 185, 519 P.2d 661 (1974), and *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 820 P.2d 390 (1991), held the Dobsons' action was not barred by K.S.A. 1991 Supp. 60-513(b) because they filed it within two years of when the injury was reasonably ascertainable. The court stated:

"When an act occurs which later causes substantial injury, both the 2-year and the 10-year periods of limitation are triggered at the time of substantial injury, unless the facts of such injury are not ascertainable until later, in which case the 2-year statute of limitations begins at the later date."

The Court of Appeals ultimately held: "[A]pplying the *Ruthrauff* rule as recently reinforced by the *Gilger* decision, with the Kansas Supreme Court specifically overruling *Tomlinson [v. Cel-*

*otex Corp.*, 244 Kan. 474, 770 P.2d 825 (1989)], we conclude that the trial court erred in granting summary judgment to Larkin based upon the statute of limitations." Both Larkin and the Dobsons petitioned for review from the Court of Appeals' decision. We denied the Dobsons' petition but granted Larkin's petition on one issue.

The sole issue for our consideration is whether K.S.A. 1991 Supp. 60-513(b) bars the Dobsons' cause of action.

All the cases discussed by the Court of Appeals, *Ruthrauff*, *Tomlinson*, and *Gilger*, construed K.S.A. 60-513(b) as it read prior to its 1987 amendment. At that time the statute read:

"(b) Except as provided in subsection (c) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action."

In *Ruthrauff* we held the 10-year period of limitation accrued at the time the injury was ascertained or reasonably ascertainable. We further stated: "If the legislature intended otherwise it could have clearly expressed itself by saying that in no event shall *an action be commenced* more than 10 years beyond the time of the act giving rise to the cause of action." 214 Kan. at 191.

In response to our suggestion in *Ruthrauff*, the legislature amended K.S.A. 60-513(b) in 1987 to provide:

"(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.*" (Emphasis added.) L. 1987, ch. 222, § 1.

We have held the legislature intended the 1987 amendment to K.S.A. 60-513(b) to be a statute of repose, with 10 years from the occurrence of the act giving rise to the cause of action as the absolute limit for filing actions. *Harding v. K. C. Wall Products,*

*Inc.,* 250 Kan. 655, 831 P.2d 958 (1992); *Admire Bank & Trust v. City of Emporia,* 250 Kan. 688, 829 P.2d 578 (1992).

The 1987 amendment to K.S.A. 60-513 included some changes to subsection .(d), which now states:

"(d) The provisions of this section as it was constituted prior to July 1, 1987, shall continue in force and effect for a period of two years from that date with respect to any act giving rise to a cause of action occurring prior to that date." L. 1987, ch. 222, § 1.

Thus, the *Ruthrauff* rule continued until July 1, 1989. In *Admire Bank & Trust v. City of Emporia,* 250 Kan. 688, Syl. ¶ 7, we stated: "The plain language of K.S.A. 1991 Supp. 60-513 and the applicable case law require that after July 1, 1989, a negligence action must be brought within 10 years of the original wrongful act or the action is barred." Larkin's last possible act occurred in 1971 or 1972. The Dobsons, however, filed this action in February 1990. The statute of limitations in effect at the time an action is filed applies. *Harding v. K. C. Wall Products, Inc.,* 250 Kan. 655, Syl. ¶ 1. Hence, K.S.A. 1991 Supp. 60-513(b) applies and not the rule announced in *Ruthrauff.*

· We hold the Dobsons' cause of action is barred by the 10-year limitation found in K.S.A. 1991 Supp. 60-513(b). Although the trial court improperly relied upon *Tomlinson,* it reached the correct result and, therefore, the reasons for its decision are immaterial. *Prairie State Bank v. Hoefgen,* 245 Kan. 236, Syl. ¶ 3, 777 P.2d 811 (1989).

The judgment of the district court is affirmed, and the judgment of the Court of Appeals is reversed.