NOT DESIGNATED FOR PUBLICATION

No. 123,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRAD and CINDY SLATTEN,
*Appellants*,

v.

R&S BUILDERS, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed December 10, 2021. Affirmed.

*Andrew M. DeMarea*, of Forsgren Fisher McCalmont DeMarea Tysver LLP, of Kansas City, Missouri, for appellant.

*Paul D. Cowing* and *Andrew S. Mendelson*, of Cowing & Mendelson, P.C., of Lee's Summit, Missouri, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: This case poses an exceptionally narrow question for our consideration: Does the 10-year statute of repose in K.S.A. 60-513(b) begin to run when the general contractor of a home custom built for the property owners obtains a final certificate of occupancy from the appropriate local government agency? We conclude the issuance of the certificate as a bureaucratic function dependent upon the indefinite schedule and disposition of a government agent bears no sound relationship to a potentially tortious act of the contractor triggering the period of repose. So the answer is,

1

in a word, "No." The Johnson County District Court, therefore, properly entered summary judgment for Defendant R&S Builders, Inc., based on that statutory time bar, and we affirm the decision.

PROCEDURAL AND FACTUAL BACKGROUND

In April 2014, Plaintiffs Brad and Cindy Slatten purchased a house from Rodney and Sherry Broadhurst, the original owners, for about $1.9 million. Based on photographs in the record, the exterior of the house may be fairly described as striking, if not grand. Within a year and a half of the purchase, the Slattens had multiple problems with the dwelling, including interior leaks, drainage issues with a massive deck, and deterioration of the stucco exterior. They consulted with and hired contractors to do substantial repairs to the house.

The Slattens concluded components of the original construction were done in a substandard fashion and the Broadhursts knew of at least some of the deficiencies when they put the house on the market but failed to appropriately disclose those conditions during the negotiations culminating in the sale. The Slattens filed a civil action on August 2, 2017, against the Broadhursts and R&S Builders, the general contractor that oversaw construction of the home from 2006 into late spring 2007. The Slattens characterized their claims against R&S Builders as grounded in negligence and breaches of implied warranties.

After discovery, the defendants filed a motion for summary judgment. The district court granted the motion as to R&S Builders based on the statute of repose in K.S.A. 60-513(b) and alternatively held the breach of warranty claims were contractual and the statute of limitations had run on them. The district court found disputed issues of material fact as to the Broadhursts and denied them summary judgment. The parties entered into a stipulation dismissing the Broadhursts as defendants. The Slattens have appealed.

2

The appeal is framed around the district court's reliance on the statute of repose and does not challenge the ruling on the warranty claims as contracts. For purposes of the appeal, the Slattens say all of their claims against R&S Builders are torts for purposes of applying the statute of limitations and repose. Given our disposition of the case, we need not look behind that characterization and accept it as a matter of convenience without deciding its legal accuracy.

Likewise, the Broadhursts are the R and the S of R&S Builders—they are the company's owners and shareholders. The fact has no bearing on the governing legal issue on appeal and is simply a curiosity that, nonetheless, seems to bear mentioning if only because it's curious. The Slattens do not contend we should impute the Broadhursts' conduct as owners of the house to R&S Builders as the general contractor that built the house.

In reviewing the district court's summary judgment for R&S Builders, we must consider the undisputed facts in the best light for the Slattens and give them the benefit of any reasonable inferences drawn from those facts. The district court ruled correctly if R&S Builders is entitled to a judgment as a matter of law on that factual record. *Bouton v. Byers*, 50 Kan. App. 2d 34, 36-37, 321 P.3d 780 (2014).

Taken that way, the facts establish that the Broadhursts owned the land on which the house was built and engaged R&S Builders as the general contractor for the project. The Broadhursts, thus, owned the house as it was being constructed. That arrangement differs from "spec" construction in which a general contractor holds the land, builds the house, and then offers the tract with the completed dwelling for sale. See *Shell v. Schollander Companies, Inc.*, 358 Or. 552, 554, 369 P.3d 1101 (2016) (describing "'spec' houses"). For purposes of the appeal, the parties do not dispute that R&S Builders hired

and coordinated various subcontractors to build the house but did not do any of the construction itself. Although some of the subcontractors were on the project at the same time, they essentially worked sequentially as the house took shape. Many of the subcontractors finished their work long before the construction was complete. The summary judgment record shows this chronology:

- Construction begins in 2006, and the roof is completed in December 2006.
- The stucco exterior is completed in March 2007.
- The last work is done in May 2007. The house is considered finished then.
- The Broadhursts move in on July 13, 2007.
- A Johnson County building code officer signs a certificate of occupancy for the dwelling on August 28, 2007, attesting as of that date "this structure was in compliance with the various ordinances of Unincorporated Johnson County, Kansas."
- The Slattens complete the purchase of the property from the Broadhursts in April 2014.
- The Slattens file their lawsuit on August 2, 2017.

Under K.S.A. 60-513, the Legislature has established two time bars applicable to tort claims—a statute of limitations requiring a plaintiff to file an action within two years and a statue or repose that extinguishes a claim if a plaintiff fails to file an action within 10 years. The two-year limitations period is set out in K.S.A. 60-513(a)(4). But the statute further states: "[T]he [two-year] period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." K.S.A. 60-513(b). The first part of the quoted language provides that the two-year period starts when an injury from the wrongful act can reasonably be recognized, so the time may not begin when the act ultimately causing the injury happens. But the second part of K.S.A. 60-513(b) imposes an outer limit—the statute of repose—requiring any action to be filed no later than 10 years after the act causing an

4

injury even if the injury could not have been discovered by then. The statute of repose is essentially categorical and cuts off a claim without exception. See *Admire Bank & Trust v. City of Emporia*, 250 Kan. 688, 698, 829 P.2d 578 (1992) ("plain language" of K.S.A. 60-513[b] "require[s] that after July 1, 1989, a negligence action must be brought within 10 years of the original wrongful act or the action is barred"); see also *Doe v. Popravak*, 55 Kan. App. 2d 1, 8-9, 421 P.3d 760 (2017) (discussing operation of statutes of repose generally and K.S.A. 60-513[b]). The statute of repose in K.S.A. 60-513(b) applies to a general contractor's negligence in building a house. *Dobson v. Larkin Homes, Inc.*, 251 Kan. 50, 52-53, 832 P.2d 345 (1992).

On appeal, the Slattens do not quarrel with those principles or the legal operation of the statute of repose in K.S.A. 60-513(b). Rather, they contend the statute of repose for their claims against R&S Builders began to run when Johnson County issued the certificate of occupancy on August 28, 2007. In turn, they say the 10-year period of repose did not expire until about three-and-a-half weeks after they filed their action.

The Slattens point out that negligence includes the failure to act when a reasonable person would act. And that's true. See *Estate of Randolph v. City of Wichita*, 57 Kan. App. 2d 686, 698, 459 P.3d 802 (2020). They submit a general contractor has a legal duty to inspect and remediate substandard work of a subcontractor in overseeing the construction of a house. For purposes of this appeal, R&S Builders does not challenge that proposition; we likewise assume it to be a correct statement of the law without independently examining or testing its validity. The Slattens further submit the general contractor's duty continues until a government agency issues a certificate of occupancy for the dwelling. We ultimately find that linchpin argument unpersuasive.

As we have suggested, R&S Builders takes a minimalist, if effective, approach in fashioning a response on appeal. The corporation argues nothing of substance supports using a bureaucratic exercise—the issuance of the certificate of occupancy—that

occurred well after it completed construction of the house and the Broadhursts took physical possession of the property. R&S Builders does not favor us with an exegesis on construction law culminating in an argument for when the statute of repose did begin to run in this case. It simply says the triggering event could not have been the certification of occupancy issued well after the Broadhursts moved into the completed dwelling.

We essentially agree. The legal premise of the Slattens' argument fails given the undisputed facts. After the Broadhursts took possession of and moved into the completed house—on property they had owned from the outset—the general contractor had no common-law right to enter or inspect the premises. Doing so without the permission of the property owners would amount to a civil trespass. See *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 22, 378 P.3d 1090 (2016) (tort of trespass entails a person's entry onto "the premises of another without any right, lawful authority, or an express or implied invitation or license"); *Belluomo v. KAKE TV & Radio, Inc.*, 3 Kan. App. 2d 461, 469, 596 P.2d 832 (1979). Any concomitant and continuing duty to inspect the work of the subcontractors could not have continued past that point. The statute of repose in K.S.A. 60-513(b) began to run no later than then. As a result, the Slattens' action was filed after the 10-year period expired.

To be clear here, we are not holding as a matter of law that the statute of repose starts when the owner of a new home occupies the dwelling or takes physical possession from the general contractor—only that the triggering act would not be later. There are respectable arguments for earlier points based on the negligent work of particular subcontractors. There might be a different result should the homeowner invite the general contractor into the dwelling later to examine a perceived defect if that inspection or some resulting repair were negligently performed. But those circumstances haven't been presented to us, and we don't consider them in concluding the district court properly rejected the issuance of the certificate of occupancy. Similarly, we do not consider how the statute of repose would apply if a government officer refused to issue a certificate of

occupancy, citing defects in the construction necessitating additional work to obtain certification.

As the Slattens have framed the issue, we have additional qualms about recognizing the certificate of occupancy as the marker for the start of the statute of repose. The government agent's issuance of the document, based on the circumstances here, seems almost random. It was signed several months after construction on the home had been completed and almost two months after the Broadhursts had moved in. We have not been favored with any explanation about the timeline, let alone the overall process, for obtaining certificates of occupancy for buildings constructed in unincorporated Johnson County. We don't know if the apparent lag in this case is typical. Likewise, we suppose certification of occupancy is universally done for buildings in unincorporated parts of the State's 105 counties. But we have no assurance of that supposition. We are reticent to tie the legislative intent to impose a statute of repose on tort claims to what appears to be a free-floating decision of a government actor that bears little direct connection to the legal duty undergirding a general contractor's potential liability. See *David v. Hett*, 293 Kan. 679, Syl. ¶ 3, 270 P.3d 1102 (2011) (homeowner may assert tort or contract claim against general contractor for substandard work "depending on the nature of the duty" allegedly breached).

The Slattens cite an array of cases from other jurisdictions discussing time limitations for suing general contractors or other situations they say are analogous. We have reviewed that authority. Those cases rest upon statutes or facts that are distinguishable from K.S.A. 60-513(b) and the circumstances here. We do not prolong this opinion to go through them one by one.

The district court properly granted summary judgment to R&S Builders because the Slattens filed their action beyond the 10-year statute of repose in K.S.A. 60-513(b).

Affirmed.